## HELLMAN & CO. v. WRIGHT & CO.

PRACTICE.—Under the provisions of the code of procedure of the territory of Wyoming all objections, except those for incompetency and irrelevancy, must be raised by motion before the commencement of the trial.

IDEM.—Objections, however, for the two reasons mentioned, should be made on the trial, and the fact that the court has previously refused to suppress such depositions on motion is no bar to the question being again raised as to their incompetency and irrelevancy.

IDEM.—Where the plaintiff had introduced his evidence and had rested, but subsequently offered the statutes of Nebraska in evidence: *Held*, that the admission of the same, or of other testimony, was entirely at the discretion of the court, and that the refusal to admit further evidence at that time was no error.

ERROR to the First District Court for Laramie County.

A full statement of this case is contained in the opinion of the chief justice.

*D. McLaughlin*, for plaintiff in error, cites: Code of Wyoming, 389; 4 Abb. N. Y. Dig. 93; *Peel* v. *Elliot*, 16 How. 483; *Dolfus* v. *French*, 5 Hill, 493; *Powell* v. *Tuttle*, 10 Paige, 523; *Mitchell* v. *Allen*, 12 Wend. 290; 38 N. Y. 355, 361, 378, 385; 1 Greenleaf on Evidence, 381, 50; secs. 111, 112 and 117; 2 Id. 484; 1 Parsons, 175; 43 Barb. 435; 51 Id. 616; Pars. on Part. 72–88, 120; 1 Phil. Ev. 466; *Conklin* v. *Barton*, 43 Barb. 435; Starkie on Evidence, 76.

*E. P. Johnson*, for defendant in error, cites: 1 Phil. on Ev. 497; 1 Greenl. 177; Parsons on Partnership, 194, 185; 2

Washington C. C. Repts. 388; 10 Johnson, 66; 7 Wendell, 216; 6 Pick. 464; 5 Id. 414; 9 Cushing, 255, 323; 9 Metcalf, 454; 2 Greenleaf, 482; 1 Smith's Lead. Cas. 1190; 2 Nash, 1045.

By the Court, FISHER, C. J.: On the tenth of December, A. D. 1872, the firm of Wright & Co., who were engaged in a trading business in the city of Omaha, in the state of Nebraska, made their promissory note, payable to their own order at the First National Bank of Omaha, for one hundred and twenty-seven dollars and thirty cents, in eighteen days from the date thereof. When said note became due it was not paid. The plaintiffs in error, who were the plaintiffs below, brought a suit against Wright & Co. in the district court of the first judicial district of Wyoming territory, to the July term, A. D. 1873, and at the same time issued an attachment and attached a large lot of goods which were in a store kept in the city of Cheyenne by one George L. Wright, whom the plaintiffs alleged was a member of the firm of Wright & Co.

On the trial of the case in the district court, evidence was produced on the part of the plaintiffs going to establish the fact as alleged, and on the part of defendant denying the allegation. This question was submitted by the court (Justice Carey presiding) to the jury, to find whether or not George L. Wright was a member of the firm of Wright & Co. at the time the note was given, and find accordingly. The jury found for defendants, and in their verdict embodied a special finding that George L. Wright was not a member of the firm of Wright & Co. A motion was filed for a new trial, and a long list of exceptions filed, all of which, after argument, were overruled, and a new trial refused. After this a motion was entered for a new trial upon the ground of newly discovered evidence. Previously to this, however, the defendants had filed a motion to suppress portions of certain depositions taken by the plaintiffs to be read in evidence on the trial, on the grounds of incompetency and

irrelevancy, which motion after argument was overruled by C. J. Fisher, who was at the time presiding. The last motion filed by plaintiffs was also overruled. The plaintiffs then brought the case to this court, assigning a long list of exceptions, the first of which was not insisted upon; the second was: "That the court erred in sustaining the objections made by defendants to a part of the depositions of Jacob Solomon, on the ground of incompetency and irrelevancy, when the same was offered in evidence by the plaintiff, and that it was error in the court to entertain such objections, they having been previously passed upon by the court at the instance of the defendants."

The list of errors assigned from the second to the eleventh inclusive, are of the same nature, and are to be considered by the same rules. The next error complained of is, "That the court erred in not permitting the plaintiffs to give in evidence the laws of the state of Nebraska to prove the rate of interest in that state." The next errors complained of, including instructions 12, 13, 14, 15, 16, 17, 18 and 19, asked for by plaintiffs, not having been given to the jury as requested by plaintiffs.

The plaintiffs further assign as error the fact that the court erred "In overruling their motion requiring all instructions requested by defendants to be given or refused by the court before the commencement of the argument." The other errors complained of were certain instructions given to the jury by the court by which the jury was misled. And also that the verdict is not in accordance with the law and the evidence, and that a new trial was not granted.

The record in this case shows that a motion was made by the counsel for defendants in the court below, previous to the commencement of the trial, to suppress parts of certain depositions taken by plaintiffs to be read on the trial of the case, on account of incompetency and irrelevancy, and which motion was very properly overruled because the court could not sustain such a motion at that time, as the question of their competency and relevancy could only be determined

by the other evidence as it might arise in the progress of the trial; but the refusal of the court to suppress said depositions at that time did not in itself determine that the motion should not be again properly made and sustained. But even if such had been the result of the ruling on the plaintiff's motion, we can see no good reason why the court could not modify or even reverse its ruling, and that, too, notwithstanding there had been a change of judges. But upon an examination of the parts of the depositions refused, we are fully of the opinion that the action of the court in sustaining the motion at the time was eminently proper. All the portions of the depositions bearing upon the question, as to whether George L. Wright was a member of the firm of Wright & Co., which could be given under any known rules of evidence was admitted, and the only part denied was the statements of the other members, or alleged members, of the firm, and of other persons not in any way connected with it, and whose statements could not in any way bind George L. Wright. Hence, we find no error under this exception, and the nine following ones being of a precisely similar character must be disposed of in the same manner.

The next question requiring our attention is contained in the twelfth exception assigned, viz: That the court erred in excluding the laws of Nebraska when offered in evidence by the plaintiffs to prove the rate of interest in that state. The record shows the offer was not made until the testimony of the plaintiffs had been heard and they had closed, and that on the part of the defense had also closed; when no evidence except in rebuttal could be given, except by consent of the parties or by the discretion of the court, and therefore there is no error for this court to correct. The balance of the errors complained of consists of complaints touching instructions given and others refused, but as we fail to find in those given anything which could by any possibility mislead the jury, we find nothing to correct. And as to instructions refused, reviewing courts will seldom interfere with a mat-

ter which is so entirely within the discretion of the court.
We, therefore, after a full and careful examination of the
whole record, have arrived at the conclusion that substan-
tial justice has been done, so far, at least, as the rulings of
the court below are concerned, that we think we ought not
to interfere.

The judgment is therefore affirmed.